## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

M.S.,

     Plaintiff,

                                       Case No.

vs.                                   Hon.

ROCHESTER COMMUNITY SCHOOL
DISTRICT, CARRIE LAWLER, in her
individual capacity, NEIL DeLUCA, in his
individual capacity, and KATHRYN
HOUGHTALING, in her individual capacity,

     Defendants.

_____

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, 5th Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
kirstie@markolaw.com

_____

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____

## COMPLAINT AND JURY DEMAND

1

NOW COMES the above-named Plaintiff, by and through his attorneys, Marko Law, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1.      Plaintiff M.S., a former student at Rochester High School, who suffers from multiple disabilities, including but not limited to a learning disability and ADD/ADHD, was repeatedly drugged and raped by his special education teacher, Defendant Kathryn Houghtaling.

2.      Defendant Houghtaling harassed Plaintiff for sex and texted his cellphone daily, while in the classroom during school and while in the care of Defendant Rochester Community School District. Defendant Houghtaling attempted to bribe Plaintiff for sex, even offering to take his tests for him in exchange for sexual acts.

3.      Defendant Houghtaling would pull Plaintiff M.S. out of his other classes throughout the school day, provide him hall passes, and could be constantly seen by others at Rochester High School walking with and acting in an affectionate and flirtatious manner with Plaintiff M.S. in the hallway.

4.      Defendant Houghtaling was in her first year as a special education teacher at Rochester High School before she drugged and raped her then 17-year-

old student, Plaintiff M.S. She was also the head of the IEP (Individualized Education Program) Committee for Plaintiff.

5.      At all times relevant herein, Defendant Kathryn Houghtaling was a teacher employed by Defendant Rochester Community School District.

6.      Upon information and belief, Defendant Katheryn raped at least one other teenage student, and likely more.

7.      Defendant Rochester Community School District had a duty to protect its students, which was breached when it failed to protect Plaintiff M.S. from sexual assault, sexual abuse, and harassment by its employee.

8.      Other students at Rochester High School and within the Defendant Rochester Community School District bullied and incessantly harassed Plaintiff M.S. during school for his disabilities and for being raped by their teacher, Defendant Kathryn Houghtaling.

9.      For example, text messages, Snap Chats, and memes edited to include Plaintiff and Defendant Teacher's containing photos and lewd and offensive captions were distributed to Plaintiff and other students, including but not limited to the following:

MARKOLAW.COM

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW







MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW





10.   The administration at Defendant Rochester Community School District was on notice of the bullying and harassment Plaintiff M.S. experienced daily, and failed to act or protect Plaintiff, despite the duty they owed to Plaintiff.

11.   Further, after being notified that Plaintiff M.S. was drugged, raped, and harassed, Defendant Rochester Community School District failed to take responsibility or further action regarding the safety of Plaintiff M.S., Principal Deluca telling Plaintiff's guardians, "I am not doing anything. I am looking to the

future" during a meeting with the Assistant Superintendent of Defendant Rochester Community School District, Carrie Lawler.

12.    As a result of Defendants' atrocious treatment of, and disregard to, Plaintiff M.S., he was forced to transfer to a different high school months before the end of his senior year.

13.    Plaintiffs seek declaratory and injunctive relief, and damages to compensate Plaintiffs for their injuries together with punitive damages, costs and attorney fees.

## JURISDICTION AND PARTIES

14.    Jurisdiction is conferred by 28 USC Section 1331.

15.    Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

16.    Plaintiff M.S. is a resident of the County of Oakland, State of Michigan.

17.    Defendant Rochester Community School District is a public educational institution, located in the County of Oakland, State of Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

18.    Defendant Neil DeLuca, upon information and belief, is a resident of the County of Macomb, State of Michigan.  He is sued in his individual capacity.

19.     Defendant Carrie Lawler, upon information and belief, is a resident of the County of Oakland, State of Michigan.  She is sued in her individual capacity.

20.     Defendant Kathryn Houghtaling, upon information and belief, is a resident of the County of Macomb, State of Michigan.  She is sued in her individual capacity.

21.     The amount in controversy herein exceeds this Court's jurisdictional limit, exclusive of interest, costs, and attorney fees.

## FACTS

22.     Defendant Houghtaling was a teacher employed by Defendant Rochester Community School District at all times relevant to this matter, as well as for approximately one year before the events giving rise to the instant action.

23.     Plaintiff M.S. first encountered Defendant Houghtaling at an IEP (Individualized Education Plan) meeting in the fall of 2018, as she was the head of the IEP committee for Plaintiff.

24.     Defendant Houghtaling was also Plaintiff M.S.' special education teacher for the school year beginning in the fall of 2018.

25.     Defendant Houghtaling inappropriately befriended students from Defendant Rochester Community School District, including Plaintiff M.S., wherein Defendant Houghtaling would constantly and obsessively pull Plaintiff M.S. from his other classrooms during school hours to hang out in her office, which she shared

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

with another teacher, would bring him lunch, and could always be seen walking through the hallways, close to Plaintiff M.S., often in a flirtatious and affectionate manner.

### A. Defendant Kathryn Houghtaling Raped Plaintiff M.S.

26.    In October or November of 2018, Defendant Houghtaling offered to give her student, Plaintiff M.S. a ride home.

27.    Plaintiff M.S. was 17 years old at the time.

28.    On the way to Plaintiff M.S.' house, Defendant Houghtaling pulled over to the side of the road and began massaging Plaintiff's genital area. She then performed oral sex on him without consent, stating, "I want to do that to you all the time."

29.    During school and while in the care of Defendant Rochester Community School District, Defendant Houghtaling continued to harass Plaintiff Smiles daily for sex, and he continued to tell her no.  She repeated that she would "do it again and [he] would like it."

30.    During school and while in the care of Defendant Rochester Community School District, Defendant Houghtaling also bribed Plaintiff for sex, stating that she would take his tests for him if he had sex with her.

### B. Defendant Kathryn Houghtaling Drugged Plaintiff M.S.

8

31.     Defendant Kathryn Houghtaling sedated Plaintiff M.S. with Xanax on multiple occasions.

32.     On December 8, 2018, Defendant Kathryn Houghtaling called Plaintiff's guardians to inform them that she was coming to their home to help Plaintiff cook for a health class project, stating that she had spoken with Plaintiff's other teacher about doing so.

33.     Later in the evening, after Defendant Houghtaling left, Plaintiff's guardians found Plaintiff M.S. in a sedated state, which they had never seen him in before.

34.     The following school day, Rochester High School notified Plaintiff's guardians that he was falling asleep in class.

35.     On December 14, 2018, Plaintiff's guardians again noticed that Plaintiff appeared to be sedated, so they took him to the hospital, where a test revealed that he had Xanax in his system.

36.     Defendant Kathryn Houghtaling was known to give drugs and alcohol to other students at Rochester High School, sometimes even on school grounds.

**C. Plaintiff M.S. is Incessantly Bullied, Harassed and Humiliated at School**

37.     Other students at Rochester High School and within the Defendant Rochester Community School District bullied and incessantly harassed Plaintiff

M.S. for his disabilities and for being raped by their teacher, Defendant Kathryn Houghtaling.

38.     These students humiliated Plaintiff M.S. during school by sending text messages, Snap Chats, and memes that were distributed to Plaintiff and other students, edited to include Plaintiff and Defendant Houghtaling's photos and lewd and offensive captions. **(See above examples).**

39.     Defendant Rochester Community School District was made aware of the other students' constant despicable treatment of Plaintiff M.S. because of his disability and because he was raped by their teacher. However, Defendant Rochester Community School District failed to address these issues and failed to protect Plaintiff.

40.     As a result of this tormenting, bullying, and harassment, Plaintiff M.S. has suffered and continues to suffer severe emotional damage and was forced to transfer schools near the end of his senior year of high school.

41.     Further, Defendants' actions and omissions have resulted in harm to Plaintiff, including physical and emotional harm, and other damages that may be discovered throughout the course of litigation, including but not limited to having to leave the school and incessant bullying.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. Section 1983 – Violation of the Fourteenth Amendment

**(As to Defendants DeLuca, Lawler, and Houghtaling)**

42.     The preceding paragraphs are incorporated by reference.

43.     The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials and supervisors, including Defendants DeLuca and Lawler.

44.     The sexual assault and sexual abuse of Plaintiff by Defendant Houghtaling is a violation of his Fourteenth Amendment right to personal security and bodily integrity.

45.     Sexually assaulting and sexually abusing Plaintiff constituted deliberate indifference to his federally protected rights.

46.     Defendant DeLuca and Defendant Lawler, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

47.     Plaintiff M.S. suffered severe emotional injury as a result of these Fourteenth Amendment violations.

48.     Defendant's acts and/or omissions proximately caused these injuries.

**COUNT II**
**42 U.S.C. Section 1983 – Violation of Right to Equal Protection**
**(As to Defendants DeLuca, Lawler, and Houghtaling)**

49.    The preceding paragraphs are incorporated by reference.

50.    Defendants' conduct toward Plaintiff M.S., including sexually assaulting him, failing to protect him from sexual assault and abuse, and failing to protect him from incessant harassment lacked any pedagogical purpose.

51.    Non-disabled students were not treated in the same manner.

52.    Defendants' actions and/or omissions denied Plaintiff equal protection under the law.

53.    Defendant DeLuca and Defendant Lawler, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

54.    Plaintiff M.S. suffered severe emotional injury as a result of these Fourteenth Amendment violations.

55.    Defendant's acts and/or omissions proximately caused these injuries.

**COUNT III**
***Monell* Claim**
**(As to Defendant Rochester Community School District)**

56.    The preceding paragraphs are incorporated by reference.

57.    Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the Constitution of United States, including his Fourteenth Amendment rights as described in Counts I and II.

58.    The foregoing rights were clearly established at the time of the violations.

59.    The deprivations were caused by the customs, policies, and established practices of the Rochester Community School District, acting under color of its statutory and legal authority.

60.    Defendant Kathryn Houghtaling was a state actor acting under the color of law.

61.    Defendant Rochester Community School District's deliberate indifference to Plaintiff subjected him to violations of his Fourteenth Amendment and Equal Protection rights including by failing to adequately train and supervise Defendant Houghtaling, failing to adequately protect Plaintiff M.S., implicitly condoning the behavior of students harassing and bullying Plaintiff M.S., manifesting deliberate indifference to the ongoing harassment, bullying and emotional needs of Plaintiff, and other policies, customs, and practices to be discovered through the course of litigation.

62.     Defendant Rochester Community School District had actual or constructive notice of the dangers to Plaintiff and consciously disregarded these dangers.

63.     The foregoing violations of 42 U.S.C. §1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

64.     Defendant's acts and/or omissions proximately caused these injuries.

**COUNT IV**
**Violations of the Americans With Disabilities Act (ADA)**
**(As to All Defendants)**

65.     The preceding paragraphs are incorporated by reference.

66.     At all times relevant herein, Plaintiff was and is an individual with a disability within the meaning of the the ADA, 42 U.S.C. § 12101, et seq.

67.     Defendant Rochester Community School District is a public accommodation covered by and within the meaning of Title II of the ADA.

68.      Defendants were aware of Plaintiff's disabilities, as he received special education services as a result.

69.     Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Kathryn Houghtaling's decision to sexually assault and abuse Plaintiff.

14

70.    Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Rochester Community School District's failure to protect Plaintiff from sexual assault and abuse, and further their failure to protect him from bullying and harassment on the basis of his disability.

71.    Non-disabled students were not treated in the same manner.

72.    Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled pursuant to the ADA.

73.    Defendants' acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the ADA.

74.    Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the ADA.

75.    The foregoing violations of the ADA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

76.    Defendant's acts and/or omissions proximately caused these injuries.

**COUNT V**
**Violation of Title IX**
**(As to Defendant Rochester Community School District)**

77.    The preceding paragraphs are incorporated by reference.

78.     Rochester Community School District is a public-school district, which receives federal funding.

79.     The sex-based assault, abuse and harassment as alleged above was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities provided by Defendant Rochester Community School District.

80.     The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX") because:

   a.     Plaintiff was subjected to sexual assault, abuse, and harassment by an employee of the Defendant School District;

   b.     He was subjected to that assault, abuse and harassment based on his sex and;

   c.     He was subjected to a hostile educational environment created by the Defendant School District.

81.     Defendant School District failed to take immediate, effective remedial steps to resolve the complaints of sexual assault and harassment and instead acted with deliberate indifference toward Plaintiff, leading to pervasive bullying and harassment from Plaintiff's peers.

82.     Defendant School District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

83.     Once Plaintiff and his guardians notified Defendant Rochester Community School District that Plaintiff was being bullied by other students as a result of the assault and his disability, the Principal and the other School District officials retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities as mandated by Title IX.

84.     The foregoing violations of Title IX caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

85.     Defendant's acts and/or omissions proximately caused these injuries.

**COUNT VI**
**Violation of §504 of the Rehabilitation Act of 1973**
**(As to All Defendants)**

86.     The preceding paragraphs are incorporated by reference.

87.     Discrimination on the basis of disability is prohibited by §504 of the Rehabilitation Act, 29 U.S.C. §794(a), which provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

88.     "States waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims when they accept federal funds, and therefore, a Plaintiff may sue a state under §504 of the Rehabilitation Act." *Dillon-Barber v. Regents of*

*the Univ. of Mich.*, No. 250596, 2005 Mich. App. LEXIS 1400, at *13 (Ct. App. June 7, 2005). (Citing *Nihiser v. Ohio EPA*, 269 F.3d 626 (6th Cir. 2001)).

89.     Defendant Rochester Community School District receives federal financial assistance and as such are subject to §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the federal regulations promulgated thereunder.

90.     Plaintiff is an individual with a disability under the Rehabilitation Act.

91.     The conduct previously alleged violates §504 of the Rehabilitation Act

92.     The foregoing violations of the Rehabilitation Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

93.     Defendant's acts and/or omissions proximately caused these injuries.

**COUNT VII**
**Violation of ELCRA – Creating and Failing to Prevent a Sexually Hostile Educational Environment**
**(As to All Defendants)**

94.     The preceding paragraphs are incorporated by reference.

95.     Defendant Rochester Community School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

96.     Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

97.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

98.    By subjecting Plaintiff to sexual assault and harassment, and additionally to harassment and bullying by other students, Defendants' acts and omissions have created a sexually hostile environment, and created abusive and intimidating conditions, depriving Plaintiff of a safe educational environment.

99.    The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

100.   Defendant's acts and/or omissions proximately caused these injuries.

**COUNT VIII**
**Violation of ELCRA – Retaliation**
**(As to All Defendants)**

101.   The preceding paragraphs are incorporated by reference.

102.   Defendant Rochester Community School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

103.   Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

104.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

105.   Once Plaintiff and his guardians notified Defendant Rochester Community School District that Plaintiff was being bullied by other students as a result of the sexual assault and his disability, the Principal and the other School District officials retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities in accordance with the ELCRA.

106.   The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

107.   Defendant's acts and/or omissions proximately caused these injuries.

### COUNT IX
### Violation of ELCRA – Discrimination on the Basis of Sex
### (As to All Defendants)

108.   The preceding paragraphs are incorporated by reference.

109.   Defendant Rochester Community School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

110.   Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

111.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

112.   Plaintiff's sex was at least one factor in his treatment by Defendants.

113.   Plaintiff was discriminated against on the basis of his sex, both in the sexual assault by his teacher, Defendant Houghtaling, and the way in which Defendant Rochester Community School District responded to the assault and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

114.   The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

115.   Defendant's acts and/or omissions proximately caused these injuries.

**COUNT X**
**Violation of the Persons with Disabilities Civil Rights Act – Harassment**
**(As to All Defendants)**

116.   The preceding paragraphs are incorporated by reference.

117.   Plaintiff has severe disabilities, covered by the Act, is perceived as having disibilities, and/or had a record of having disabilities.

118.   Defendants were aware of Plaintiff's disabilities, as he received special education services as a result.

119. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Kathryn Houghtaling's decision to sexually assault and abuse Plaintiff.

120. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Rochester Community School District's failure to protect Plaintiff from sexual assault and abuse, and further their failure to protect him from bullying and harassment on the basis of his disability.

121. Non-disabled students were not treated in the same manner.

122. Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled pursuant to the Persons with Disabilities Civil Rights Act.

123. Defendants' acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

124. Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

125. The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

126. Defendant's acts and/or omissions proximately caused these injuries.

## COUNT XI
## Violation of the Persons with Disabilities Civil Rights Act – Retaliation
### (As to All Defendants)

127.   The preceding paragraphs are incorporated by reference.

128.   Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

129.   Defendants were aware of Plaintiff's disabilities, as he received special education services as a result.

130.   Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Kathryn Houghtaling's decision to sexually assault and abuse Plaintiff.

131.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

132.   Once Plaintiff and his guardians notified Defendant Rochester Community School District, including Defendants DeLuca and Lawler, that Plaintiff was being bullied by other students as a result of the sexual assault and his disability, the Principal and the other School District officials retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities in accordance with the Persons with Disabilities Civil Rights Act.

23

133.   The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

134.   Defendant's acts and/or omissions proximately caused these injuries.

## COUNT XII
## Violation of the Persons with Disabilities Civil Rights Act – Discrimination
## (As to All Defendants)

135.   The preceding paragraphs are incorporated by reference.

136.   Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

137.   Defendants were aware of Plaintiff's disabilities, as he received special education services as a result.

138.   Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Kathryn Houghtaling's decision to sexually assault and abuse Plaintiff.

139.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

140.   Plaintiff's disabilities were at least one factor in his treatment by Defendants.

141.   Plaintiff was discriminated against on the basis of his disabilities, both in the sexual assault by his teacher, Defendant Houghtaling, and the way in which

Defendant Rochester Community School District responded to the assault and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

142.   The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

143.   Defendant's acts and/or omissions proximately caused these injuries.

## DAMAGES

144.   The preceding paragraphs are incorporated by reference.

145.   The acts and omissions of Defendants constituted a violation of Plaintiff's constitutional, statutory, and common law rights were and are a proximate cause of Plaintiff's damages.

146.   As a result of Defendants' acts and omissions, Plaintiff has suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

    d.  Emotional distress;

    e.  Loss of personal freedom and liberty;

    f.  Pain and suffering;

    g.  Exemplary damages;

    h.  An award of punitive damages;

    i.  Reasonable attorney fees and costs;

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

j. All other such relief which appears reasonable and just under the circumstances.

WHEREFORE Plaintiff, M.S. prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

*/s/ Kirstina R. Magyari*
Kirstina R. Magyari (P82775)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
Email: kirstie@markolaw.com

Dated: July 27, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

M.S., by and through his guardian,
DONELL MILES,

     Plaintiff,

                                       Case No.

vs.                                      Hon.

ROCHESTER COMMUNITY SCHOOL
DISTRICT, CARRIE LAWLER, in her
individual capacity, NEIL DeLUCA, in his
individual capacity,and KATHRYN
HOUGHTALING, in her individual capacity,

     Defendants.

_____

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, 5th Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
kirstie@markolaw.com

_____

## **JURY DEMAND**

     Plaintiff, by and through counsel, hereby requests a trial by jury in the above-

captioned matter.

                           Respectfully submitted,

                           */s/ Kirstina R. Magyari*
                           Kirstina R. Magyari (P82775)
                           Jonathan R. Marko (P72450)
                           **MARKO LAW, PLLC**

1

1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
Email: kirstie@markolaw.com

Dated: July 27, 2020

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 27, 2020, I presented the foregoing
paper to this Court's ECF System which will send notification of
such filing to the above listed attorneys of record.

*/s/ Heather J. Ducharme*
Heather J. Ducharme