IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.S.,

    Plaintiff,

vs.

ROCHESTER COMMUNITY SCHOOL
DISTRICT, CARRIE LAWLER, in her
individual capacity, NEIL DeLUCA, in his
individual capacity, and KATHRYN
HOUGHTALING, in her individual capacity,

    Defendants.

Hon. Denise P. Hood
Case No.: 2:20-cv-11994

---

ZACHARY T. RUNYAN (P83671)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, 5th Floor
Detroit, MI 48226
Phone/Fax: 313-528-1128
zach@markolaw.com

THOMAS G. CARDELLI (P31728)
ANTHONY F. CAFFREY III (P60531)
**CARDELLI LANFEAR, P.C**.
Attorneys for Defendant
322 W. Lincoln Ave
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
TCardelli@cardellilaw.com
ACaffrey@cardellilaw.com

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT TO ADD J.O. AS A PLAINTIFF**

NOW COMES Plaintiff, M.S., by and through his attorneys, MARKO LAW PLLC, and for his Motion for Leave to File His First Amended Complaint, states as follows:

1

1.      This case arises out of Defendants failing to protect Plaintiff, a mentally challenged high school student, from being drugged and raped by one of Defendant's teachers, Defendant Houghtaling, and Defendants retaliating against Plaintiff by, among other things, refusing to stop the pervasive bullying and harassment that Plaintiff was subjected to as a result of being raped by his teacher.

2.      Plaintiff filed his Complaint on July 27, 2020, and Discovery has just begun. No depositions have been taken.

3.      Recently, Plaintiff's Counsel has been retained by another former student of Defendants, J.O.

4.      Like Plaintiff M.S., J.O. was drugged and raped by Defendant Houghtaling, incessantly bullied as a result, and retaliated against for, among other things, being raped by Defendant Houghtaling. **(Exhibit 1- Proposed First Amended Complaint).**

5.      Defendant Houghtaling began raping J.O. within weeks after Plaintiff M.S. was first raped by her.

6.      Moreover, the incessant harassment and bullying of J.O. coincided with the harassment and bullying of Plaintiff M.S. In fact, many of the social media posts and memes being passed around Rochester Community School District included references to both Plaintiff M.S. and J.O.

7. FRCP 20(a)(1) provides in pertinent part, that persons may be joined in one action as plaintiffs if:

    A. They assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    B. Any question of law or fact common to all plaintiffs will arise in the action.

8. Accordingly, J.O. is a proper Plaintiff in this action as his claims arise out of the same series of occurrences as do Plaintiff M.S.'s claims, and both Plaintiff M.S. and J.O.'s claims will have common questions of fact and/or law.

9. FRCP 15(a)(2) provides that the Court should freely give leave to amend pleadings before trial when justice so requires.

10. Here, justice requires that Plaintiff be granted leave to amend his Complaint to add J.O. as a Plaintiff.

WHEREFORE, Plaintiff M.S. respectfully asks that this Honorable Court Grant him Leave to File His First Amended Complaint, Adding J.O. as a Plaintiff in this Matter.

Respectfully submitted,

/s/ Zachary T. Runyan
ZACHARY T RUNYAN (P83671)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-528-1128
Dated: February 4, 2021                  Email: Zach@markolaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

M.S.,

    Plaintiff,

vs.

ROCHESTER COMMUNITY SCHOOL
DISTRICT, CARRIE LAWLER, in her
individual capacity, NEIL DeLUCA, in his
individual capacity, and KATHRYN
HOUGHTALING, in her individual capacity,

    Defendants.

Hon. Denise P. Hood
Case No.: 2:20-cv-11994

| | |
|---|---|
| ZACHARY T. RUNYAN (P83671)<br>JONATHAN R. MARKO (P72450)<br>**MARKO LAW, PLLC**<br>1300 Broadway Street, 5th Floor<br>Detroit, MI 48226<br>Phone/Fax: 313-528-1128<br>zach@markolaw.com | THOMAS G. CARDELLI (P31728)<br>ANTHONY F. CAFFREY III (P60531)<br>**CARDELLI LANFEAR, P.C**.<br>Attorneys for Defendant<br>322 W. Lincoln Ave<br>Royal Oak, MI 48067<br>(248) 544-1100<br>(248) 544-1191 Fax<br>TCardelli@cardellilaw.com<br>ACaffrey@cardellilaw.com |

**PLAINTIFF'S BRIEF IN SUPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

    NOW COMES Plaintiff, M.S., by and through his attorneys, MARKO LAW PLLC, and for his Brief in Support of His Motion For Leave to File His First Amended Complaint, states as Follows:

4

## FACTS

This case arises out of the drugging and rape of 17-year-old, Rochester Community School District student, Plaintiff M.S., by his special education teacher, Defendant Kathryn Houghtaling, as well as the incessant harassment and bullying he received as a result of his disabilities and rape.

Recently, Plaintiff's Counsel has been retained to represent the interests of J.O. Like Plaintiff M.S., J.O. was a student at Defendant Rochester Community School District and was raped by Defendant Houghtaling. Indeed, Defendant Houghtaling's repeated raping of J.O. began within weeks of the first time she raped Plaintiff M.S. Also similar to Plaintiff M.S., J.O. was incessantly harassed and bullied for being raped by Defendant Houghtaling, and Defendants did nothing to protect him. In fact, many of the memes and social media posts being pass around Rochester Community School District alluded to both Plaintiff M.S. and J.O. However, Defendants did nothing to protect J.O. from the incessant bullying and harassment.

Plaintiff's Complaint was filed on July 27, 2020. Discovery is still in its infancy, as no deposition have been conducted to date. Accordingly, no party will be prejudiced by the addition of J.O. as a plaintiff.

## LAW AND ARGUMENT

I. **J.O. Is A Proper Party to This Litigation**

5

Federal Rule of Civil Procedure 20(a) provides that persons may join in one action as plaintiffs if:

**(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all plaintiffs will arise in the action.

Here, Plaintiff M.S. and J.O.'s claims arise out of the same actions/inactions of Defendants. At their core, both M.S. and J.O. are seeking damages due to Defendants' failure to protect each of them from being raped by a teacher under the supervision of Defendants, and Defendants' failure to protect each of them from the incessant bullying and harassment that occurred due to being raped by Defendant Houghtaling.

Moreover, the facts underlying Plaintiff M.S. and J.O's claims occurred during the same time frame. Defendant Houghtaling first raped J.O. within weeks of the first time she raped Plaintiff M.S. Additionally, the bullying and harassment of J.O. and Plaintiff M.S. occurred at the same time. Indeed, many of the social media posts and memes being spread around Rochester Community School District alluded to both Plaintiff M.S. and J.O. Defendants knew both students were being bullied and harassed, but decided to protect neither of them.

Accordingly, Plaintiff M.S. and J.O.'s claims both arise out of the same occurrences and will have similar questions of law and fact. Thus, J.O. is a proper Plaintiff in this action.

II. **Plaintiff Should be Given Leave to File a First Amended Complaint As No Parties Will be Prejudiced**

Rule 15(a)(2) allows a party to amend its pleading with other party's consent *or with leave of the court*. The rule instructs that "the court should freely give leave when justice so requires." As the Supreme Court has explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v Davis*, 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222 (1962).

The most important factor listed by the Court for denying leave to amend is that the prejudice component. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Conversely, if the court is persuaded that no prejudice will accrue, the amendment should be allowed. § 1487 Amendments With Leave of Court, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.).

Here, no prejudice will accrue from Plaintiff amending his complaint to add J.O. as a party. Discovery has only just begun in this case, not a single deposition has been taken and no answers to discovery requests have been provided. Moreover,

Discovery is currently open until June 21, 2021, which will provide ample time for all parties to conduct discovery related to J.O.'s claims.

Moreover, as explained above, Plaintiff M.S. and J.O.'s claims are uniquely intertwined and involve many of the same facts and circumstances. Thus, failing to allow Plaintiff M.S. to add J.O. as a party would result in a waste of judicial resources, as there would be two parallel cases pending before this Court with nearly identical questions of fact and law.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court Grant Leave for Plaintiff to File His First Amended Complaint to Add J.O. as a Plaintiff.

Respectfully submitted,

*/s/ Zachary T. Runyan*
ZACHARY T RUNYAN (P83671)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-528-1128
Dated: February 4, 2021     Email: Zach@markolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2021, I presented the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record.

*/s/ Heather J. Ducharme*