UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.S.,

    Plaintiff,

v.

ROCHESTER COMMUNITY SCHOOL
DISTRICT, et al.,

    Defendants.

_____/

Case No. 20-11994

Honorable Denise Page Hood

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS [ECF No. 9] and
<u>MOOTING MOTION REQUESTING A RULING [ECF No. 46]</u>**

### I. INTRODUCTION

The instant matter involves Defendants Carrie Lawler, and Neil DeLuca's Motion to Dismiss, [ECF No. 9] which was filed on August 28, 2020.

On July 27, 2020, Plaintiff John Doe ("Doe") filed a Complaint against Defendants Rochester Community School District ("RCSD"), Carrie Lawler ("Lawler"), Neil DeLuca ("DeLuca"), and Kathryn Houghtaling ("Houghtaling"). Against Lawler, DeLuca, and Houghtaling, the Complaint alleges under 42 U.S.C. § 1983 violations of the 14th Amendment (Count I) and violations of right to Equal Protection (Count II). Against RCSD, the Complaint brings a *Monell* Claim (Count III) and alleges a violation of Title IX (Count V). The remaining counts

against all defendants allege: violations of the Americans with Disabilities Act ("ADA") (Count IV); violations of § 504 of the Rehabilitation Act of 1973 (Count VI); failure to prevent a hostile environment under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") (Count VII); retaliation under the ELCRA (Count VIII); discrimination on the basis of sex under the ELCRA (Count IX); harassment under the Persons with Disabilities Civil Rights Act ("PDCRA") (Count X); retaliation under the PDCRA (Count XI); and, discrimination under the PDCRA (Count XII). [ECF No. 1, Pg.ID 10-24] On August 25, 2020, the Clerk entered an Entry of Default as to Houghtaling. [ECF No. 7]

## II.     FACTUAL BACKGROUND

This case involves Kathryn Houghtaling, Doe's special education teacher, Neil DeLuca, Principal of Doe's high school, and Carrie Lawler, RCSD's Assistant Superintendent. [*Id.* at 5] All three of the individuals were employees of RCSD at the time of the alleged events. [*Id.*] Plaintiff Doe is a 17-year-old male, who was a student at Rochester High School. [*Id.* at 9]

The facts according to Plaintiffs' Complaint are as follows. Houghtaling first interacted with Doe as chair of his individualized education plan ("IEP") committee. [*Id.* at 7] Houghtaling was also Doe's special education teacher. [*Id.*] Houghtaling would frequently befriend students from RCSD. [*Id.*] Houghtaling

often pulled Doe out of other classes to spend time with him in her shared office space. [*Id.*] Houghtaling would also bring Doe lunch and flirt with him. [*Id.*]

In November 2018, Houghtaling gave Doe a ride home. On the way home Houghtaling pulled over and began massaging Doe's genital area. [*Id.* at 8] Without Doe's consent, Houghtaling then performed oral sex on Doe. Afterwards she stated, "I want to do that to you all the time." [*Id.*] Over the next month, Houghtaling continued to harass Doe for sex. [*Id.*] Houghtaling would also bribe Doe for sex, offering to take tests for him in exchange for sex. [*Id.*]

On December 8, 2018, Houghtaling accompanied Doe home to assist him with a cooking project for health class. [*Id.* at 9] After Houghtaling left, Doe's parents found him in a sedated state. [*Id.*] After Doe's parents found him in a similar state on December 14, 2018, they took him to the hospital. [*Id.*] The hospital found Xanax in Doe's system. [*Id.*] Houghtaling was known to give drugs and alcohol to students at Rochester High School. [*Id.*]

Doe's classmates frequently harassed and bullied him. [*Id.*] His classmates would taunt him for his disabilities and his "relationship" with Houghtaling. [*Id.*] Students would send Doe text messages, Snapchats, and memes, which made fun of his involvement with Houghtaling. [*Id.*] The students would edit these electronic communications to include photos of Houghtaling and lewd, offensive captions. [*Id.* at 4-5] (Examples of photos).

According to the Complaint, RCSD was "made aware of the other students' constant despicable treatment of [Doe] because of his disability and because he was raped by [Houghtaling]." [*Id.* at 10] RCSD terminated Houghtaling on the day the allegations against her surfaced.[1] [ECF No. 9, Pg.ID 78] After Houghtaling's termination, Principal DeLuca held a meeting with Doe's parents. [ECF No. 1, Pg.ID 6] In the meeting DeLuca said, "I am not doing anything. I am looking to the future." [*Id.*] As a result of Doe's experiences at Rochester High School, he transferred schools near the end of his senior year. [*Id.*]

Doe seeks exemplary and punitive damages, and attorney's fees and costs, to compensate for his negative experiences as a student in RCSD. [*Id.* at 25] Doe specifically alleges emotional distress, a loss of personal freedom and liberty, and pain and suffering. [*Id.*]

## III.   ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When

---

[1] This fact was omitted in Plaintiff's Complaint but included by Defendant. The Court has included it in its Factual Background to establish a detailed record and because it is relevant to Defendant's Due Process and Equal Protection arguments.

4

reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

5

### B. ADA (Count IV) & RA (Count VI) Claims

Lawler and DeLuca argue that Plaintiff improperly sued them under the ADA and RA statutes. The ADA and RA do not allow claims against persons in their individual capacities. *Gohl v. Livonia Pub. Sch.*, 134 F. Supp. 3d 1066, 1073-74 (E.D. Mich., 2015); *see also Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("Under Title II of the ADA, which forbids discrimination by 'any public entity', 42 U.S.C. § 12131, the proper defendant is that 'entity.'"). And in *Lee v. Michigan Parole Board*, the Sixth Circuit found that neither the ADA nor the RA allowed people to be sued in their individual capacities. 104 F. App'x 490, 493 (6th Cir. 2004).

These Defendants assert that Plaintiff is unable to amend his claim to sue Lawler and DeLuca in their official capacities. Citing *Kentucky v. Graham*, Defendants argue that "official-capacity claims against individual municipal employees are routinely dismissed as being redundant when the municipal employer or entity is also named as a defendant." 473 U.S. 159, 167 n.14 (1985). Here, Plaintiff has also sued RCSD, Lawler and DeLuca's employer. Plaintiff also concedes that Defendants' legal arguments concerning the ADA and RA claims are valid.

The Court finds that Plaintiff's ADA (Count IV) and RA (Count VI) claims against individuals Lawler and DeLuca must be dismissed because they are not capable to be sued in their individual or official capacities under these statutes.

**C. Due Process Claim (Count I)**

Defendants argue that Plaintiff's Due Process and Equal Protection claims must be dismissed because Plaintiff has failed to allege a particular fact that would justify imposing liability on either DeLuca or Lawler. Rather, Defendants contend that Plaintiff's theory is more akin to a "quasi-respondeat superior theory." That theory allows liability without regard to any specific, actionable act.

A plaintiff may bring a due process claim pursuant to 42 U.S.C. § 1983 if the plaintiff alleges a deprivation of "any rights, privileges, or immunities secured by the Constitution and laws," stemming from "any statute, ordinance, regulation, custom, or usage, of any State." *Doe v. Claiborne Cty.*, 103 F.3d 495, 505 (6th Cir., 1996).

Doe's Due Process claim is "premised on the alleged violation of a constitutionally protected liberty interest, within the meaning of the Fourteenth Amendment, in their personal bodily integrity." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 725 (6th Cir. 1996); *see also Ingraham v. Wright*, 430 U.S. 651, 673-74 (1977). "[T]he right to be free from sexual abuse at the hands of a public school teacher is clearly protected by the Due Process Clause of the

7

Fourteenth Amendment." *Doe v. Claiborne County*, 103 F.3d 495, 506 (6th Cir. 1996).

Plaintiffs suing under § 1983 must establish (1) that there was a deprivation of a right secured by the Constitution; and (2) that the deprivation was caused by an individual acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.* 330 F.3d 899, 902 (6th Cir. 2003).

Defendants concede that the first element is easier to meet when a party alleges sexual abuse. Defendants assert that the issue turns on the second element—whether the potential deprivation was "under the color of state law."

When evaluating a due process violation against the supervisor of the perpetrator, courts must apply the "supervisory liability test." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1996). Supervisors cannot be held liable for § 1983 liability "solely upon the basis of *respondeat superior*." *Id.* The plaintiff must show the supervisor "encouraged the specific incident of misconduct" or "directly participated in it." *Id.* Put differently, the "plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.*; *see also Howard v. Knox Co.*, 695 F App'x 107, 113 (6th Cir., 2017) (explaining that failing to act does not give rise to liability absent a deliberate indifference to a student's constitutional rights).

Doe counters that a supervisor need not physically touch an injured party nor physically be present at the time of the constitutional violations. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020). The supervisor only needs to "knowingly acquiesce in the unconstitutional conduct of his subordinates through the execution of his job functions." *Id.*

In addressing a Title IX claim in a similar school context, the Sixth Circuit has explained:

> [W]here a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior. Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonable in light of the known circumstances.

*Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 261 (6th Cir. 2000).

However, a supervisor cannot be found liable for mere negligence. *Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002). Rather, a "plaintiff must show that, in light of the information the defendants possessed, the teacher who engaged in . . . abuse showed a strong likelihood that he would attempt to . . . abuse other students, such that the failure to take adequate precautions amounted to deliberate indifference to the constitutional rights of students." *Claiborne County*, 103 F.3d. at 513. Plaintiffs must show that the supervisor "was confronted with a widespread 'pattern' of constitutional violations, rather than 'isolated' or

9

'sporadic' incidents." *Howard*, 695 F. App'x 113-14 (quoting *Doe v. Warren Consolidated Sch.*, 93 F. App'x 812, 821–22 (6th Cir. 2004)).

In evaluating Plaintiff's Complaint, the Court must ask if Lawler or DeLuca's actions demonstrated deliberate indifference to the likelihood of Doe's abuse and, if so, whether their deliberately indifferent actions caused Doe's constitutional violations. *Garza*, 972 F.3d at 868; *see also Peatross*, 818 F.3d at 242 (noting that there must be "a causal connection between the defendant's wrongful conduct and the violation alleged" to find a defendant liable for supervisory liability under § 1983).

The Court must now consider whether Lawler and DeLuca's conduct was a cause in fact and a proximate cause of Doe's injury. *Garza*, 972 F.3d at 868. "[C]ourts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 609 (6th Cir. 2007). Given that the Court must review facts in the light most favorable to Plaintiff, weaknesses in arguments about causation are sometimes best left for summary judgment. *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004) ("[S]ince 'we presume that general allegations embrace those specific facts . . . necessary to support the claim,' . . . causal weaknesses will more often be fodder

10

for a summary-judgment motion under Rule 56 than a motion to dismiss under Rule 12(b)(6).") (quoting *NOW v. Scheidler*, 510 U.S. 249, 256 (1994)).

A plaintiff must plead allegations with enough factual detail to state a plausible claim on its face *before* a court rules on a Rule 12(b)(6) motion to dismiss. *New Albany Tractor. Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir., 2011) ("[T]he combined effect of *Twombly* and *Iqbal* require [a] plaintiff to have greater knowledge now of factual details in order to draft a plausible complaint."). A plaintiff "may not use the discovery process to obtain [the necessary] facts after filing suit." *Id.* The presence of other claims that will proceed with discovery does not justify sustaining other claims that should be dismissed.

Here, Doe alleges that Lawler and DeLuca knew about Houghtaling's harassment of Doe. Plaintiff notes that during a meeting with Doe's guardians, DeLuca said, "I am not doing anything. I am looking to the future." At this stage it is not the Court's role to "weigh the evidence or assess the credibility" of such a statement. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted). The Court must only "examine the complaint and determine whether the plaintiff has pleaded a cognizable claim." *Id.*

The Complaint does allege that Doe was pervasively bullied and harassed enough to motivate him to transfer schools. However, as for any potential arguments that DeLuca should have done more to prevent Doe's bullying

following Houghtaling's harassment, the Sixth Circuit has set a high bar for official liability in the context of school bullying. In the Sixth Circuit, "[f]ailing to punish students, failing to enforce the law, failing to enforce school policy, and failing to refer assaults [to a law enforcement officer] are plainly omissions rather than affirmative acts." *Stiles v. Grainger Cnty., Tenn.*, 819 F.3d 834, 855 (6th Cir. 2016).

Viewing the facts in Doe's favor at this pleading stage, Doe has stated sufficient facts as to DeLuca for supervisory liability. The RCSD "may" have terminated Houghtaling as soon as the allegations against her surfaced. However, Doe alleged facts that DeLuca, after being notified that M.S. was drugged, raped, and harassed. Although omissions may be insufficient to reach supervisory liability, DeLuca's statement that he was not going to do anything could be inferred that he was not going to investigate or perhaps prevent any further harassment and bullying of Doe. This action of "looking to the future" could be inferred as discounting the harassment and bullying Doe suffered and finding the reasons why such harassment and bullying were pervasive to prevent any further harassment. The Due Process claim remains as to Defendant DeLuca.

As to Defendant Lawler, the Court finds that Doe failed to state a Due Process claim against Defendant Lawler. Although the Complaint alleges that Lawler attended the meeting where DeLuca made his statement about not taking

action, the Complaint provides no specific facts to identify Lawler's position or role at RCSD. There are no facts alleged that Lawler was aware of Doe's situation or that her failure to act amounted to "deliberate indifference" of Doe's constitutional rights. *Claiborne County*, 103 F.3d at 513. The Court dismisses the Due Process claim as it pertains to Defendant Lawler.

### D. Equal Protection Claim (Count II)

Defendants also argue that the Equal Protection claim against Lawler and DeLuca should be dismissed. The Fourteenth Amendment's Equal Protection Clause states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The Equal Protection Clause prohibits governmental discrimination that "burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011). Proper Equal Protection claims must allege that defendants treated a similarly situated party better than they treated the plaintiff. *Wymer v. Richland Co. Children Servs.*, 584 F App'x 283, 284 (6th Cir., 2014).

Plaintiff is correct that at this stage of the pleading, he must merely allege facts to illustrate that similarly situated non-disabled students were treated more favorably than Plaintiff. However, as Defendants indicate, Plaintiff's allegations

13

are mere conclusions. Plaintiff does not allege specific facts to show *how* Plaintiff was treated differently. Plaintiff simply concludes that non-disabled students were treated differently because they were not "raped, harassed, [or] retaliated against." [ECF No. 11, Pg.ID 130]

The Court finds that Doe has not alleged facts sufficient to survive Defendants' Motion to Dismiss the Equal Protection Clause claim. Defendants' Motion to Dismiss Plaintiff's Equal Protection Clause claim is granted and Count II is dismissed as to Defendants DeLuca and Lawler.

## IV. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendants Neil DeLuca and Carrie Lawler's Motion for Partial Dismissal of Counts I, II, IV and VI **[ECF No. 9]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the claims in Counts II (Equal Protection, IV (ADA) and VI (RA) against Defendants DeLuca and Lawler are DISMISSED. The claims in Count I (Due Process) is DISMISSED as to Defendant Lawler but REMAINS as to Defendant DeLuca.

IT IS FURTHER ORDERED that the Motion Requesting a Ruling on its Motion for Partial Dismissal **[ECF No. 46]** is MOOT.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:  October 4, 2023